IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH A. LUNINI, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  02-3028 |
| | ) | |
| CHARLES V. GRAYEB, individually, | ) | |
| JOHN STENSON, individually and in | ) | |
| his capacity as Chief of Police for the | ) | |
| City of Peoria, Illinois, STUART | ) | |
| BARDEN, individually, and | ) | |
| JEFFERY KICE, individually. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Joseph A. Lunini, Jr.'s Motion to Amend Judgment of June 23, 2005 (d/e 195) (Motion to Amend).  Plaintiff asks the Court to vacate its June 23, 2005, judgment in favor of Defendant Grayeb and Defendant Stenson in his official capacity on Plaintiff's class of one equal protection claims in Counts II and III of Plaintiff's Third Amended Complaint (d/e 87).  For the reasons set forth below, Plaintiff's Motion is denied.

1

The facts of this case are set out in detail in the Court's February 27, 2004, Order, and will not be restated here. See Lunini v. Grayeb, 305 F.Supp.2d 893 (C.D. Ill. 2004). In the February 27, 2004, Order, the Court held, in part, that Defendants were not entitled to qualified immunity on Plaintiff's class of one equal protection claims against them in their individual capacities set forth in Counts II and III because Plaintiff's equal protection rights were clearly established at the time of the incident and material issues of fact remained as to whether those rights were violated.[1] Id. at 910-12. Defendants then filed an interlocutory appeal on the qualified immunity issue. Notice of Appeal (d/e 167).

The Seventh Circuit reversed this Court, holding that Plaintiff's equal protection rights were not clearly established at the time of the incident and, therefore, Defendants were entitled to qualified immunity on the equal protection claims against them in their individual capacities. Lunini v. Grayeb, 395 F.3d 761 (7th Cir. 2005). The Court of Appeals remanded the case with instructions to enter summary judgment in favor of Defendants with respect to Lunini's class of one equal protection claim. Id. at 773. A

---

[1] The defense of qualified immunity is not available in an official capacity suit. Kentucky v. Graham, 473 U.S. 159, 166-67 (1985).

partial judgment (d/e 185) was entered on March 18, 2005, in accordance with this Court's Text Order dated March 17, 2005.

While the March 17, 2005, Text Order included Defendant Grayeb, the partial judgment did not. This was a clerical error that the Court recognized, and corrected, in footnote 1 of its Opinion dated June 23, 2005 (d/e 193). The June 23, 2005, Opinion addressed Plaintiff's Motion to Amend the Court's Ruling on Defendants' Motions for Summary Judgment (d/e 163) and Defendant Stenson's Motion to Reconsider Order of February 27, 2004 (d/e 190) (Defendant Stenson's Motion to Reconsider). The Court, relying on dicta from the Seventh Circuit decision on the qualified immunity issue, determined that Plaintiff failed to establish a class of one equal protection violation against Defendant Stenson in his official capacity because Plaintiff failed to identify a similarly-situated individual who was treated differently. Opinion, June 23, 2005, p. 17-20. Plaintiff then filed the instant Motion to Amend.

In the present case, judgment was entered on June 23, 2005. Factoring in the intervening Independence Day holiday, Plaintiff's motion was filed within ten days of the entry of judgment. See Fed. R. Civ. P. 6(a). The Court thus analyzes it under Rule 59(e), which permits a party to file

a motion to alter or amend a judgment within ten days of the entry of the judgment.  See Charles v. Daley, 799 F.2d 343, 347 (7th Cir. 1986).  "Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present newly discovered evidence."  Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

Plaintiff's Motion asserts that his class of one equal protection claim and his conspiracy claim should be revived because he was treated differently from all other victims of crime.  Plaintiff asks the Court to vacate its judgment in favor of Defendant Grayeb and Defendant Stenson in his official capacity on these claims.  Turning first to Defendant Grayeb, it is clear that Plaintiff's argument must fail.  Defendant Grayeb was named only in his individual capacity in Counts II and III.  The Seventh Circuit determined that Defendant Grayeb was entitled to qualified immunity and, thus, remanded the case with specific instructions for this Court to enter summary judgment in Grayeb's favor on the class of one equal protection claims.  Lunini, 395 F.3d at 773.  The Court entered judgment in accordance with this directive.  Plaintiff attempts to challenge this judgment; however, this Court is bound by the appellate court ruling.

Plaintiff's Motion to Amend is denied with respect to Defendant Grayeb.

Turning to Defendant Stenson in his official capacity, Plaintiff fails to establish a manifest error of law or an intervening change in the controlling law or to present newly discovered evidence that would justify alteration of this Court's prior ruling. Plaintiff merely rehashes arguments that have been rejected by the Court. Seventh Circuit law clearly requires a class of one equal protection plaintiff to present evidence of a similarly situated individual who was treated differently. Lunini, 395 F.3d at 770 (citing McDonald v. Village of Winnetka, 371 F.3d 992, 1002 (7th Cir. 2004)). Plaintiff failed to do so in response to Defendant's Stenson's Motion to Reconsider, and he fails to do so now. Judgment in favor of Defendant Stenson in his official capacity is appropriate, and Plaintiff's Motion to Amend is denied.

THEREFORE, Plaintiff's Motion to Amend Judgment of June 23, 2005 (d/e 195) is DENIED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: August 19, 2005.

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE